# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEAUNNA THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-497 |
| KANSAS CITY AREA TRANPSORTATION AUTHORITY | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and Rule 81 of the Federal Rules of Civil Procedure, Defendant Kansas City Area Transportation Authority ("KCATA" or "Defendant"), by and through its attorneys, Spencer Fane LLP, hereby files this Notice of Removal regarding *Thompson v. Kansas City Area Transportation Authority*, Case No. 2416-CV18290, currently pending in the Circuit Court of Jackson County, Missouri (the "State Court Action"). The State Court Action is removable because there is a federal question on the face of Plaintiff's Petition. KCATA states the following in support of this Notice of Removal:

**I. CASE HISTORY**

1. On July 2, 2024, Plaintiff Keaunna Thompson ("Plaintiff") filed her Petition against KCATA in the Circuit Court of Jackson County, Missouri. The lawsuit is styled as *Thompson v. Kansas City Area Transportation Authority*, Case No. 2416-CV18290. A copy of all process, pleadings and orders that have been served upon KCATA, including the Petition, is attached hereto as **Exhibit A**.

2. The Petition alleges that the KCATA violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*, as well as 42 U.S.C. § 1981. *See* **Petition, pgs. 7 – 9 (Counts II and III of the Petition).**

3. Plaintiff served KCATA with the Petition on July 8, 2024.

4. KCATA has not filed any pleadings or otherwise responded in the State Court Action.

## II. BASIS FOR FEDERAL COURT JURISDICTION

5. Under 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

### A. There is a federal question on the face of Plaintiff's Complaint.

7. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. Plaintiff's Petition presents a federal question. The Petition alleges claims and seeks relief under 29 U.S.C. § 2611 *et seq.* and 42 U.S.C. § 1981.

9. Therefore, this Court has original jurisdiction over the State Court Action and KCATA has the right to remove it to this Court. *See* 28 U.S.C. §§ 1331 and 1441(a).

### B. The United States District Court for the Western District of Missouri is the appropriate venue for this action.

10. Plaintiff filed her Petition in the Circuit Court of Jackson County, Missouri.

11. Jackson County, Missouri is within the Western District of Missouri.

12. Therefore, the United States District Court for the Western District of Missouri is the appropriate venue for this action.

### C. Plaintiff's state law claim does not preclude removal.

13. In Count I of the Petition, Plaintiff alleges that KCATA unlawfully discriminated against her and/or retaliated against her for filing a workers' compensation claim.

14. Although claims seeking relief under workers' compensation laws are not themselves removable, 28 U.S.C. § 1445(c), the assertion of such a claim in a state court petition that also alleges violation of federal statutes does not preclude removal of the case. Rather, the proper procedure is to allow removal, and then remand only the claim alleging workers' compensation retaliation. *Campbell v. Anytime Labor-Kansas, LLC,* Case No. 16-cv-00142-GAF, 2016 WL 2743541 (W.D. Mo. May 11, 2016).

## III. CONCLUSION

15. KCATA has the right to remove the State Court Action to this Court because Plaintiff's Petition asserts violations of federal statutes, thus bringing it within this Court's original jurisdiction.

16. Promptly after filing this Notice of Removal, KCATA will file a copy of the Notice of Removal with the Circuit Court of Jackson County, Missouri, and will then file a notice of that filing with this Court.

WHEREFORE, KCATA respectfully requests that the above-referenced civil action proceed in the United States District Court for the Western District of Missouri, as an action properly removed thereto.

/s/ Brian Peterson
Brian Peterson      Mo. Bar # 66144
W. Joseph Hatley      Mo. Bar # 33189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax:    (816) 474-3216
Email: bpeterson@spencerfane.com
Email: jhatley@spencerfane.com
**Attorneys for Defendant KCATA**

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2024, I served a copy of the foregoing by electronic mail upon:

Henry W. Tanner, Jr.
The Law Firm of Henry Tanner, LLC
1432 E. 49th Terrace
Kansas City, Missouri 64110
(816) 547-2162 (Phone)
henry@htannerlaw.com
**Attorneys for Keaunna Thompson**

/s/ Brian Peterson
**Attorney for Defendant KCATA**

4