# EXHIBIT A



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>ADAM CAINE | Case Number: 2416-CV18290 |
|---|---|
| Plaintiff/Petitioner:<br>KEAUNNA THOMPSON | Plaintiff's/Petitioner's Attorney/Address<br>HENRY WARREN TANNER<br>1432 EAST 49TH TERRACE<br>KANSAS CITY, MO 64110 |
| vs. | |
| Defendant/Respondent:<br>KANSAS CITY AREA TRANSPORTATION<br>AUTHORITY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: KANSAS CITY AREA TRANSPORTATION AUTHORITY

Alias:

**1200 E 18TH ST
KANSAS CITY, MO 64108**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

03-JUL-2024
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

---

**Sheriff's Fees**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.  Thank you.

Circuit Court of Jackson County

6/2020

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| KEAUNNA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| KANSAS CITY AREA | ) | |
| TRANSPORTATION AUTHORITY, | ) | **JURY TRIAL DEMANDED** |
| **Serve: 1200 E 18th St., Kansas City, MO 64108** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION FOR DAMAGES

Plaintiff Keaunna Thompson ("Plaintiff") for her Petition for Damages against Defendant Kansas City Area Transportation Authority ("Defendant", "KCATA") states and alleges as follows:

### PARTIES

1. Plaintiff is an individual residing at 7801 E 90th Terrace, Kansas City, MO 64138.

2. Defendant Kansas City Area Transportation Authority is a bi-state public agency created by an interstate compact between Missouri and Kansas, as set forth in Missouri Revised Statutes § 238.010, et seq., and Kansas Statutes Annotated § 12-2524, et seq., and approved by the United States Congress in Public Law 89-599. See 80 Stat. 826 (Sept. 21, 1966).

### JURISDICTION AND VENUE

3. Pursuant to Mo. Rev. Stat. Section 506.500, Defendant is subject to specific jurisdiction because it maintains a place of business at 1200 E 18th St., Kansas City, MO 64108.

4.    Pursuant to Mo. Const. Art. 5 Section 14 and Mo. Rev. Stat. Section 478.070, this Court has jurisdiction over the subject matter of this dispute because the claims arise from occurrences that took place in the State of Missouri.

5.    Venue is proper in this Court pursuant to Mo. Rev. Stat. Section 508.010.

## BACKGROUND

6.    In or around March 2005, Plaintiff began working for Defendant as a Bus Driver.

7.    As a Bus Driver, Plaintiff safely transported passengers, reported traffic obstructions and street closures, and maintained a safe atmosphere on the bus, including reporting disruptive or dangerous passengers.

8.    Defendant required Bus Drivers to maintain a strict schedule on their bus routes, which meant Plaintiff often had no bathroom breaks or time for a meal, even during 10-hour shifts.

9.    Sometimes, Plaintiff would reach the end of her route 10-15 minutes early, during which time she could use the bathroom before turning around and starting her route again. However, there was not always time for a bathroom break or even a bathroom available near her route stop.

10.   Sometimes Defendant would schedule Plaintiff for back-to-back shifts, so she would be required to do her typical day shift then immediately start a night shift.

11.   Due to health problems and work-related stress, Plaintiff took leave under FMLA.

12.   Upon information and belief, KCATA counted only Bus Drivers' "drive time" towards how many hours they needed to have before qualifying for FMLA, rather than the time spent working. Upon information and belief, KCATA Human Resources increased the

number of hours employees were required to work to be qualified for FMLA in or around 2022 by manipulating how KCATA counted hours.

13. One day, prior to 2020, Plaintiff was ill and called in to dispatch to request the day off work. She heard Wes McLaughlin, a supervisor, in the background say, "She abuses FMLA."

14. Plaintiff had FMLA time available and was ultimately approved for the leave.

15. In November 2020, Plaintiff was approved for intermittent FMLA leave. After she was approved, Mr. McLaughlin suspended her from November 3, 2020 through January 7, 2021 because Plaintiff refused to disclose her medical conditions to him. Mr. McLaughlin described the suspension as being "held off" from work. Plaintiff did not receive any pay during the suspension and wanted to work.

16. On or about April 24, 2021 through May 4, 2021, KCATA suspended Plaintiff again for work claiming that she was "sick" even though she was not sick and never requested time off work on those days.

17. Plaintiff was also suspended on July 28, 2021 and September 28, 2021 without explanation.

18. On or about April 14, 2022, Plaintiff began continuous leave under FMLA for her uterine fibroids.

19. In or about 2022, KCATA scheduled Plaintiff for a "flex route" that had far too many scheduled stops for the allotted time. Overwhelmed, Plaintiff brought the bus back to KCATA and told dispatch that she needed to take leave under FMLA.

20. Before she went home, she was told to go to Brandon Smiley's office. Mr. Smiley, with

Johnny Moore present, told Plaintiff that she should resign and he had the resignation paperwork and a pen in front of him.

21.  Michael Collision, who is Caucasian, has made racially discriminatory statements that "all bus drivers complain" when the drivers are African-American.

22.  Another Caucasian employee made a comment in a town hall meeting that "a monkey can do that job."

23.  On June 8, 2023, Plaintiff was involved in a hostile incident while driving her bus route. A KCATA dispatcher instructed Plaintiff to fill out an incident report and to contact the triage nurse on the company phone. The nurse recommended that Plaintiff see the company doctor.

24.  Also on June 8, 2023, Dr. Deskin of Meritas diagnosed Plaintiff with Acute Stress Reaction caused by "work activities" and recommended that her work status was "No Work Capacity" and a workmen's compensation claim was filed on Plaintiff's behalf.

25.  Dr. Deskin recommended that Plaintiff follow-up with the "EAP" program at work, which she did.

26.  Plaintiff elected to seek therapy from her existing therapist, since the EAP representative advised her of that option.

27.  On several dates in June, Plaintiff's employer sent her various "AWOL" letters because she had not returned to work.

28.  Plaintiff emailed her medical restrictions to her employer and insisted that she did not want to be off work.

29.    Plaintiff also informed her employer that she needed a release from Dr. Deskin to return to work, per the letter she received from the company's lawyers–Thomas McGee Group.

30.    Specifically, on June 14, 2023, Thomas McGee Group advised Plaintiff that she needed a "full unrestricted release from [her] treating doctor placing [her] at maximum medical improvement."

31.    Plaintiff attempted several times to make contact with Michael Collison of Human Resources to reschedule a second visit with Dr. Deskin but Mr. Collison ignored her altogether.

32.    Mr. Collision in fact was sabotaging Plaintiff's worker's compensation process by ignoring her and failing to reschedule a follow-up appointment.

33.    Plaintiff asked third parties at work to contact Mr. Collison to reschedule a second visit with Dr. Deskin on behalf of Plaintiff. For example, on June 14, 2023, Plaintiff asked Johnny Moore about rescheduling a second visit and Mr. Moore explained that he would have Mr. Collison contact Plaintiff. Also, on July 14, Sherrita Jackson asked Mr. Collison to schedule a second appointment with Dr. Deskin and he responded, "You know how Keaunna is." Plaintiff also asked Mark Woods and Nic Miller to speak with Mr. Collison about being released back to work by the company doctor, Dr. Deskin.

34.    Dr. Deskin is unable to see an employee without authorization from KCATA.

35.    KCATA never authorized Dr. Deskin to follow-up with Plaintiff.

36.    Dr. Deskin, nor his staff, never followed up with Plaintiff or returned her calls, even though his office agreed to follow-up within 48-72 hours.

37.     Plaintiff attempted to contact the nurse herself to reschedule an appointment with Dr. Deskink, but was unsuccessful.

38.     KCATA sabotaged Plaintiff's Worker's Compensation process, blocking her ability to be released by the company's doctor, while underhandedly counting absences against her to ostensibly justify her termination.

39.     Notwithstanding her work restrictions, Plaintiff remained willing and able to work provided KCATA assigned her to a bus route or otherwise placed her on the schedule.

40.     Plaintiff was terminated on July 14, 2023, which was approximately a month after engaging in the Worker's Compensation process.

**COUNT I**
**DISCRIMINATION AND RETALIATION IN VIOLATION OF MISSOURI'S**
**WORKMENS' COMPENSATION LAW RSMO. Section 287.780**

41.     Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

42.     Plaintiff sustained a workplace injury on June 8, 2023.

43.     Plaintiff exercised her rights under Missouri's Workers' Compensation Law relating to the workplace injury.

44.     Defendant discriminated and retaliated against Plaintiff in violation of Mo. Rev. Stat. Section 287.780.

45.     Plaintiff exercising her rights under Missouri's Workers' Compensation Law was a part or all of the reason for the discriminatory and retaliatory treatment and behavior by Defendant.

46.     Defendant's actions against Plaintiff were outrageous because Defendant had an evil

motive and/or reckless indifference to the rights of others.

47. As a direct and proximate result of Defendant's discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Keaunna Thompson requests that this Court enter judgment in her favor and against Defendant Kansas City Area Transportation Authority and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as just and proper.

## COUNT II
### INTERFERENCE AND/OR RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

48. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

49. Plaintiff was an eligible employee under 29 U.S.C. § 2611 *et seq.* in that she was employed by Defendant for at least 12 months and worked at least 1,250 hours of service with Defendant during the previous 12 month period.

50. Defendant was an employer under the FMLA because it engaged in commerce or in an industry activity affecting commerce and it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

51. Plaintiff provided Defendant with sufficient information to put Defendant on notice that she was suffering from a serious medical condition and may need FMLA leave.

52. Defendant interfered with Plaintiff's rights and benefits under the FMLA and/or retaliated

against her by suspending her and terminating her after receiving sufficient notice of a serious medical condition and engaging in her right under the FMLA and sabotaging her leave process.

53. Defendant's interference was a willful violation of the FMLA.

54. As a direct and proximate result of Defendant's interference and/or retaliation, Plaintiff has and will continue to suffer from lost wages, salary, employment benefits, and other compensation denied or lost, and any actual monetary losses sustained, reasonable attorneys' fees, and costs necessary for litigation.

WHEREFORE, Plaintiff Keaunna Thompson requests that this Court enter judgment in her favor and against Defendant Kansas City Area Transportation Authority and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as just and proper.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

55. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraph.

56. At all times relevant, Plaintiff was an African American employee of Defendant and maintained a contractual relationship through at-will employment.

57. At all times relevant, Defendant was an employer subject to 42 U.S.C. § 1981.

58. Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 1981 through its actions, policies, behavior, and treatment toward Plaintiff.

59. Plaintiff's race was the motivating factor in the discriminatory treatment by Defendant.

60. Defendant's actions against Plaintiff were taken with malice or with reckless indifference

to Plaintiff's federally protected rights.

61.    As a direct and proximate result of Defendant's discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Keaunna Thompson requests that this Court enter judgment in her favor and against Defendant Kansas City Area Transportation Authority and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses, and such other and further relief as just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues herein.

Dated: July 2, 2024

By: _/s/ Henry W. Tanner, Jr_
Henry W. Tanner Jr. (66277)
The Law Firm of Henry Tanner LLC
1432 E. 49th Terrace
Kansas City, Missouri 64110
Telephone: (816) 547-2162
Email: henry@htannerlaw.com

**Attorney for Plaintiff**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

KEAUNNA THOMPSON,      )
                             )
       Plaintiff,       )
                             )
       v.               )    Case No.
                             )
KANSAS CITY AREA      )
TRANSPORTATION AUTHORITY,  )    **JURY TRIAL DEMANDED**
**Serve: 1200 E 18th St., Kansas City, MO** )
**64108**                     )
                             )
       Defendant.     )

## <u>MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER</u>

**COMES NOW** Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | |
|---|---|---|
| Randy | Adkins | PPS24-0002 |
| Paul | Aizel | PPS24-0156 |
| Tracy | Arnold | PPS24-0157 |
| Jeffrey | Aronson | PPS24-0158 |
| Raymond | Bardy | PPS24-0159 |
| Carl | Barnet | PPS24-0010 |
| Myrio | Bertuccelli | PPS24-0014 |
| Heather | Beseke | PPS24-0160 |
| Shanna | Blackwell | PPS24-0161 |
| Brian | Blair | PPS24-0162 |
| Kevin | Blanchard | PPS24-0163 |

| | | |
|---|---|---|
| Thomas | Bogue | PPS24-0164 |
| Stancy | Bond | PPS24-0165 |
| Kathy | Broom | PPS24-0166 |
| Gabriella | Bucciachio | PPS24-0167 |
| Linda | Bucciachio | PPS24-0168 |
| Nicholas | Bull | PPS24-0169 |
| Brent | Burmeister | PPS24-0170 |
| Gary | Burmeister | PPS24-0171 |
| Carl | Burnett | PPS24-0172 |
| Gary | Burt | PPS24-0173 |
| Steve | Butcher | PPS24-0024 |
| Bobby | Calvert | PPS24-0174 |

1

| | | | | | | |
|---|---|---|---|---|---|---|
| Anna | Canole | PPS24-0175 | Amy | Donarski | PPS24-0195 |
| Charles | Casey | PPS24-0176 | Aaron | Donarski Sr | PPS24-0196 |
| Gina | Cash | PPS24-0177 | Dale | Dorning | PPS24-0197 |
| George | Castillo | PPS24-0178 | John | Dressler | PPS24-0198 |
| Carolyn | Champlin | PPS24-0025 | Rebecca | Dressler | PPS24-0199 |
| Scott | Cisney | PPS24-0026 | Michael | Dunard | PPS24-0200 |
| Nicholas | Cobb | PPS24-0027 | Joshua | Dunn | PPS24-0201 |
| Randy | Cobb | PPS24-0028 | Donald | Eskra Jr. | PPS24-0202 |
| Ryan | Cole | PPS24-0179 | Cindy | Ethridge | PPS24-0039 |
| Chad | Compton | PPS24-0180 | Richard | Fairbanks | PPS24-0203 |
| Kenneth | Condrey | PPS24-0181 | Steven | Flynn | PPS24-0204 |
| Sharon | Condrey | PPS24-0182 | Ryan | Fortune | PPS24-0205 |
| Shane | Cornelison | PPS24-0183 | Daniel | Foster | PPS24-0206 |
| Ernesto | Corondado | PPS24-0184 | Natalie | Gay | PPS24-0207 |
| James | Cox | PPS24-0029 | Patti | Gay | PPS24-0208 |
| Peggy | Cranston-Butcher | PPS24-0030 | Richard | Gerber | PPS24-0209 |
| Samantha | Curl | PPS24-0186 | Adam | Golden | PPS24-0210 |
| Tremayne | Curls | PPS24-0187 | Bradley | Gordon | PPS24-0211 |
| Vito | Davis | PPS24-0188 | Kimberly | Greenway | PPS24-0212 |
| Bryce | Dearborn | PPS24-0189 | Dawn | Griffin-Luce | PPS24-0213 |
| Robert | DeLacy III | PPS24-0190 | Paul | Grimes | PPS24-0214 |
| Robert | DeLacy Jr | PPS24-0191 | Charles | Gunning | PPS24-0215 |
| Dominic | Della Porte | PPS24-0192 | Kurie | Ghersini | PPS24-0046 |
| Richard | Dietz Jr. | PPS24-0193 | Mark | Hagood | PPS24-0216 |
| Claudia | Dohn | PPS24-0194 | Eric | Hahn | PPS24-0050 |
| | | | Natussja | Hall | PPS24-0217 |

2

| | | |
|---|---|---|
| James | Hannah | PPS24-0052 |
| Christy | Hartline | PPS24-0218 |
| James | Harvey Jr | PPS24-0219 |
| Grace | Hazell | PPS24-0220 |
| Stephen | Heitz | PPS24-0221 |
| Austen | Hendrickson | PPS24-0222 |
| Sharon | Hendrickson | PPS24-0223 |
| Elizabeth | Henson | PPS24-0224 |
| Nina | Hertaus | PPS24-0225 |
| Michael | Hibler | PPS24-0226 |
| Trinity | Hibler | PPS24-0227 |
| Wayne | Holcomb | PPS24-0059 |
| Jenna | Holt | PPS24-0229 |
| Aaron | Holt | PPS24-0230 |
| Michael | Huffman | PPS24-0060 |
| Pamela | Huffman | PPS24-0061 |
| Martin | Hueckel | PPS24-0231 |
| Zachary | Jenkins | PPS24-0232 |
| Ronald | Johnson | PPS24-0233 |
| Matthew | Jones | PPS24-0234 |
| Patrick | Jones | PPS24-0235 |
| Kenneth | Kearney | PPS24-0236 |
| Brent | Kirkhart | PPS24-0071 |
| Janice | Kirkhart | PPS24-0072 |
| Tyler | Kirkhart | PPS24-0073 |
| Kenneth | Klewick | PPS24-0237 |

| | | |
|---|---|---|
| Michele | Kriner | PPS24-0238 |
| Wyman | Kroft | PPS24-0239 |
| Kelly | Land | PPS24-0240 |
| Anthony | Lavarone | PPS24-0241 |
| Marcus | Lawing | PPS24-0242 |
| Andrew | Lecuyer | PPS24-0243 |
| Jennifer | Lecuyer | PPS24-0244 |
| John | Lichtenegger | PPS24-0245 |
| Bert | Lott | PPS24-0246 |
| Winnonna | MaLinck | PPS24-0247 |
| Robert | MaLivek | PPS24-0248 |
| Michael | Marra | PPS24-0249 |
| Genevieve | Marrault | PPS24-0250 |
| Deborah | Martin | PPS24-0251 |
| Michael | Martin | PPS24-0252 |
| Joanne | McLean | PPS24-0253 |
| Michael | McMahon | PPS24-0254 |
| Michael | Meador | PPS24-0255 |
| James | Meadows | PPS24-0256 |
| Carrie | Meite | PPS24-0257 |
| Jerry | Melber | PPS24-0258 |
| Eric | Mendenhall | PPS24-0259 |
| Mark | Miller | PPS24-0260 |
| Matthew | Millholin | PPS24-0261 |
| Keith | Milligan | PPS24-0262 |
| Vivian | Mitchell | PPS24-0263 |

3

| | | | | | |
|---|---|---|---|---|---|
| Angela | Molt | PPS24-0264 | Nancy | Porter | PPS24-0288 |
| Carla | Monegain | PPS24-0267 | Benjamin | Purser | PPS24-0289 |
| Christoper | Moore | PPS24-0265 | Casey | Putnam | PPS24-0290 |
| Daniel | Moore | PPS24-0266 | Jadyn | Ramey | PPS24-0291 |
| Michael | Morison | PPS24-0268 | Jason | Ramey | PPS24-0292 |
| Zachary | Mueller | PPS24-0089 | Guy | Redlinger | PPS24-0293 |
| Paul | Nardizzi | PPS24-0269 | Christopher | Reed | PPS24-0294 |
| Annabel | Navarro | PPS24-0270 | Gavin | Rees | PPS24-0295 |
| Wendy | Neff | PPS24-0271 | Lisa | Rees | PPS24-0296 |
| Aubrianna | Nichols | PPS24-0272 | Betty | Rice | PPS24-0297 |
| Diana | Nichols | PPS24-0273 | Karen | Rice | PPS24-0298 |
| Jeffrey | Nichols | PPS24-0274 | Steven | Rice | PPS24-0299 |
| Michael | Noble | PPS24-0095 | Cheryl | Richey | PPS24-0300 |
| Michael | Nolan | PPS24-0275 | Chanse | Ridgeway | PPS24-0301 |
| Daryl | Oestreich | PPS24-0276 | Richard | Rober | PPS24-0302 |
| Daniel | Owens | PPS24-0277 | David | Roberts | PPS24-0303 |
| Michael | Oystern | PPS24-0278 | Patricia | Roberts | PPS24-0304 |
| Craig | Palmer | PPS24-0279 | Richard | Ross | PPS24-0305 |
| Cynthia | Paris | PPS24-0280 | Steve | Rozlton | PPS24-0306 |
| Jenlee | Parker | PPS24-0281 | Ronald | Rugen | PPS24-0307 |
| Cody | Patton | PPS24-0282 | Robert | Sanders | PPS24-0308 |
| George | Perry | PPS24-0283 | Patrick | Sanford | PPS24-0309 |
| Tyler | Pinder | PPS24-0284 | Vincent | Sarelli | PPS24-0310 |
| Timothy | Pinney | PPS24-0285 | Steven | Schmitt | PPS24-0311 |
| Dominic | Playle | PPS24-0286 | Nathaniel | Scott | PPS24-0312 |
| Craig | Podjuski Jr. | PPS24-0287 | Westley | Seifert | PPS24-0313 |

4

| | | | | | |
|---|---|---|---|---|---|
| Joe B | Sherrod | PPS24-0124 | Melvin | Tibbs | PPS24-0136 |
| Kenneth | Short | PPS24-0314 | Gabriel | Tranum | PPS24-0330 |
| James | Skillmen III | PPS24-0315 | Jakob | Tripses | PPS24-0331 |
| Laura | Skinner | PPS24-0316 | Gage | Vann-Rogers | PPS24-0332 |
| Thomas | Skinner | PPS24-0317 | Robert | Vick II | PPS24-0333 |
| Brandon | Slopek | PPS24-0318 | William | Vornheder | PPS24-0334 |
| Brian | Smith | PPS24-0319 | Brad | Votaw | PPS24-0140 |
| Gean | Smith | PPS24-0320 | Michael | Wagner | PPS24-0335 |
| Shanita | Smith | PPS24-0321 | Stephen | Waters | PPS24-0141 |
| Anthony | Spada | PPS24-0322 | Zachary | Wakill | PPS24-0336 |
| Melissa | Spencer-Bryant | PPS24-0323 | Sophia | Washington | PPS24-0337 |
| Shelby | Stauble | PPS24-0324 | Barbara | West | PPS24-0338 |
| Barbara | Steil | PPS24-0325 | Gregory | Westerlund | PPS24-0339 |
| Randy | Stone | PPS24-0130 | John | White | PPS24-0340 |
| Sonja | Stone | PPS24-0131 | Crystal | Williams | PPS24-0341 |
| Jason | Stoor | PPS24-0326 | Gregory | Willing | PPS24-0342 |
| Steven | Stosur | PPS24-0327 | Connie | Wilson | PPS24-0154 |
| Lisa | Swader | PPS24-0328 | Sally | Worant | PPS24-0343 |
| Romona | Talvacchino | PPS24-0329 | | | |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Date: July 2, 2024

5

Respectfully Submitted,

/s/ *Henry W. Tanner Jr.*
Henry W. Tanner Jr. (66277)
The Law Firm of Henry Tanner LLC
1432 E. 49th Terrace
Kansas City, Missouri 64110
Telephone: (816) 547-2162
Facsimile: (816) 393-0338
Email: henry@htannerlaw.com

**Attorney for Plaintiff**

## **ORDER**

It is hereby ORDERED that Plaintiff's Motion for Appointment of a Special Process Server is SUSTAINED and that HPS Process Service & Investigations and the above named individuals are hereby appointed to serve process in the above captioned matter.

07/03/2024
DEPUTY COURT ADMINISTRATOR