IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEAUNNA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00497-LMC |
| ) | |
| KANSAS CITY AREA TRANSPORTATION ) | |
| AUTHORITY D/B/A KCATA, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Kansas City Area Transportation Authority ("KCATA"), by and through counsel, files its Answer in response to Plaintiff Keaunna Thompson's Petition for Damages:

### RESPONSE TO ALLEGATIONS RE PARTIES

1. Plaintiff is an individual residing at 7801 E 90th Terrace, Kansas City, MO 64138.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to where Plaintiff currently resides.

2. Defendant Kansas City Area Transportation Authority is a bi-state public agency created by an interstate compact between Missouri and Kansas, as set forth in Missouri Revised Statutes § 238.010, et seq., and Kansas Statutes Annotated § 12-2524, et seq., and approved by the United States Congress in Public Law 89-599. See 80 Stat. 826 (Sept. 21, 1966).

**RESPONSE:** KCATA admits the allegations in paragraph 2 of Plaintiff's Petition.

## RESPONSE TO ALLEGATIONS RE JURISDICTION AND VENUE

3. Pursuant to Mo. Rev. Stat. Section 506.500, Defendant is subject to specific jurisdiction because it maintains a place of business at 1200 E 18th St., Kansas City, MO 64108.

**RESPONSE:** KCATA denies the allegations in paragraph 3 of Plaintiff's Petition but does not contest that this Court has personal jurisdiction over KCATA.

4. Pursuant to Mo. Const. Art. 5 Section 14 and Mo. Rev. Stat. Section 478.070, this Court has jurisdiction over the subject matter of this dispute because the claims arise from occurrences that took place in the State of Missouri.

**RESPONSE:** KCATA denies the allegations in paragraph 4 of Plaintiff's Petition but does not contest that this Court has subject matter jurisdiction over certain of Plaintiff's claims.

5. Venue is proper in this Court pursuant to Mo. Rev. Stat. Section 508.010.

**RESPONSE:** KCATA admits the allegations in paragraph 5 of Plaintiff's Petition, and further states that the venue of this action following KCATA's removal thereof properly lies in this Court's Western Division.

## RESPONSE TO ALLEGATIONS RE BACKGROUND

6. In or around March 2005, Plaintiff began working for Defendant as a Bus Driver.

**RESPONSE:** KCATA admits the allegations in paragraph 6 of Plaintiff's Petition.

7. As a Bus Driver, Plaintiff safely transported passengers, reported traffic obstructions and street closures, and maintained a safe atmosphere on the bus, including reporting disruptive or dangerous passengers.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 due to their vagueness and breadth.

8. Defendant required Bus Drivers to maintain a strict schedule on their bus routes, which meant Plaintiff often had no bathroom breaks or time for a meal, even during 10-hour shifts.

**RESPONSE:** KCATA admits that Bus Operators are expected to keep the buses they are driving on schedule but denies the remaining allegations in paragraph 8 of Plaintiff's Petition.

9. Sometimes, Plaintiff would reach the end of her route 10-15 minutes early, during which time she could use the bathroom before turning around and starting her route again. However, there was not always time for a bathroom break or even a bathroom available near her route stop.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Petition.

10. Sometimes Defendant would schedule Plaintiff for back-to-back shifts, so she would be required to do her typical day shift then immediately start a night shift.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Petition.

11. Due to health problems and work-related stress, Plaintiff took leave under FMLA.

**RESPONSE:** KCATA admits that Plaintiff took leave under FMLA at times while she was employed by KCATA. KCATA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiff's Petition.

12. Upon information and belief, KCATA counted only Bus Drivers' "drive time" towards how many hours they needed to have before qualifying for FMLA, rather than the time spend working. Upon information and belief, KCATA Human Resources increased the number

3

of hours employees were required to work to be qualified for FMLA in or around 2022 by manipulating how KCATA counted hours.

**RESPONSE:** KCATA denies the allegations in paragraph 12 of Plaintiff's Petition.

13. One day, prior to 2020, Plaintiff was ill and called in to dispatch to request the day off work. She heard Wes McLaughlin, a supervisor, in the background say, "She abuses FMLA."

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's Petition.

14. Plaintiff had FMLA time available and was ultimately approved for the leave.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Petition due to its breadth and vagueness.

15. In November 2020, Plaintiff was approved for intermittent FMLA leave. After she was approved, Mr. McLaughlin suspended her from November 3, 2020 through January 7, 2021 because Plaintiff refused to disclose her medical conditions to him. Mr. McLaughlin described the suspension as being "held off" from work. Plaintiff did not receive any pay during the suspension and wanted to work.

**RESPONSE:** KCATA denies the allegations in paragraph 15 of Plaintiff's Petition.

16. On or about April 24, 2021 through May 4, 2021, KCATA suspended Plaintiff again for work claiming that she was "sick" even though she was not sick and never requested time off work on those days.

**RESPONSE:** KCATA denies the allegations in paragraph 16 of Plaintiff's Petition.

4

17. Plaintiff was also suspended on July 28, 2021 and September 28, 2021 without explanation.

**RESPONSE:** KCATA denies the allegations in paragraph 17 of Plaintiff's Petition.

18. On or about April 14, 2022, Plaintiff began continuous leave under FMLA for her uterine fibroids.

**RESPONSE:** KCATA denies the allegations in paragraph 18 of Plaintiff's Petition.

19. In or about 2022, KCATA scheduled Plaintiff for a "flex route" that had far too many scheduled stops for allotted time. Overwhelmed, Plaintiff brought the bus back to KCATA and told dispatch that she needed to take leave under FMLA.

**RESPONSE:** KCATA denies the allegations in paragraph 19 of Plaintiff's Petition.

20. Before she went home, she was told to go to Brandon Smiley's office. Mr. Smiley, with Johnny Moore present, told Plaintiff that she should resign and he had the resignation paperwork and a pen in front of him.

**RESPONSE:** KCATA denies the allegations in paragraph 20 of Plaintiff's Petition.

21. Michael Collision, who is Caucasian, has made racially discriminatory statements that "all bus drivers complain" when the drivers are African-American.

**RESPONSE:** KCATA denies the allegations in paragraph 21 of Plaintiff's Petition.

22. Another Caucasian employee made a comment in a town hall meeting that "a monkey can do that job."

**RESPONSE:** KCATA denies the allegations in paragraph 22 of Plaintiff's Petition.

23. On June 8, 2023, Plaintiff was involved in a hostile incident while driving her bus route. A KCATA dispatcher instructed Plaintiff to fill out an incident report and to contact the triage nurse on the company phone. The nurse recommended that Plaintiff see the company doctor.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's Petition, except that Plaintiff did claim on or about June 8, 2023, to be having mental stress due to harassment from passengers.

24. Also on June 8, 2023, Dr. Deskin of Meritas diagnosed Plaintiff with Acute Stress Reaction caused by "work activities" and recommended that her work status was "No Work Capacity" and a workmen's compensation claim was filed on Plaintiff's behalf.

**RESPONSE:** KCATA admits that on or about June 8, 2023, Plaintiff visited Meritas Health and saw Thomas J. Deskin, MD, who diagnosed Plaintiff with "Acute Stress Reaction." KCATA further admits that Plaintiff filed a workers' compensation claim for the injuries she allegedly suffered on or about June 8, 2023. KCATA denies the remaining allegations of Paragraph 24.

25. Dr. Deskin recommended that Plaintiff follow-up with the "EAP" program at work, which she did.

**RESPONSE:** KCATA admits that Dr. Deskin provided Plaintiff with aftercare instructions to follow up with her EAP program at work. KCATA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25.

26. Plaintiff elected to seek therapy from her existing therapist, since the EAP representative advised her of that option.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. On several dates in June, Plaintiff's employer sent her various "AWOL" letters because she had not returned to work.

**RESPONSE:** KCATA admits the allegations of paragraph 27.

28. Plaintiff emailed her medical restrictions to her employer and insisted that she did not want to be off work.

**RESPONSE:** KCATA denies the allegations of paragraph 28.

29. Plaintiff also informed her employer that she needed a release from Dr. Deskin to return to work, per the letter she received from the company's lawyers—Thomas McGee Group.

**RESPONSE:** KCATA denies the allegations of paragraph 29.

30. Specifically, on June 14, 2023, Thomas McGee Group advised Plaintiff that she needed a "Full unrestricted release form [her] treating doctor placing [her] at maximum medical improvement."

**RESPONSE:** KCATA denies the allegations of paragraph 30.

31. Plaintiff attempted several times to make contact with Michael Collision of Human Resources to reschedule a second visit with Dr. Deskin but Mr. Collision ignored her altogether.

**RESPONSE:** KCATA denies the allegations of paragraph 31.

7

32. Mr. Collision in fact was sabotaging Plaintiff's worker's compensation process by ignoring her and failing to reschedule a follow-up appointment.

**RESPONSE:** KCATA denies the allegations of paragraph 32.

33. Plaintiff asked third parties at work to contact Mr. Collision to reschedule a second visit with Dr. Deskin on behalf of Plaintiff. For example, on June 14, 2023, Plaintiff asked Johnny Moore about rescheduling a second visit and Mr. Moore explained that he would have Mr. Collison contact Plaintiff. Also, on July 14, Sherrita Jackson asked Mr. Collison to schedule a second appointment with Dr. Deskin and he responded, "You know how Keaunna is." Plaintiff also asked Mark Woods and Nic Miller to speak with Mr. Collison about being released back to work by the company doctor, Dr. Deskin.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "asked third parties at work" to contact Mr. Collison. KCATA denies the remaining allegations in paragraph 33 of Plaintiff's Petition.

34. Dr. Deskin is unable to see an employee without authorization from KCATA.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Plaintiff's Petition.

35. KCATA never authorized Dr. Deskin to follow-up with Plaintiff.

**RESPONSE:** KCATA denies the allegations of paragraph 35 of Plaintiff's Petition.

36. Dr. Deskin, nor his staff, never followed up with Plaintiff or returned her calls, even though his office agreed to follow-up within 48-72 hours.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of Plaintiff's Petition.

37. Plaintiff attempted to contact the nurse herself to reschedule an appointment with Dr. Deskin, but was unsuccessful.

**RESPONSE:** KCATA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of Plaintiff's Petition.

38. KCATA sabotaged Plaintiff's Worker's Compensation process, blocking her ability to be released by the company's doctor, while underhandedly counting absences against her to ostensibly justify her termination.

**RESPONSE:** KCATA denies the allegations of paragraph 38 of Plaintiff's Petition.

39. Notwithstanding her work restrictions, Plaintiff remained willing and able to work provided KCATA assigned her to a bus route or otherwise placed her on the schedule.

**RESPONSE:** KCATA denies the allegations in paragraph 39 of Plaintiff's Petition.

40. Plaintiff was terminated on July 14, 2023, which was approximately a month after engaging in the Worker's Compensation process.

**RESPONSE:** KCATA admits that it terminated Plaintiff's employment effective July 14, 2023, but denies any implication that it was because she engaged "in the Worker's Compensation process."

### COUNT I – DISCRIMINATION AND RETALIATION IN VIOLATION OF MISSOURI'S WORKERS COMPENSATION LAWS RSMO. Section 287.780

41. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

**RESPONSE:** Paragraph 41 of Plaintiff's Petition merely incorporates Plaintiff's prior allegations by reference and does not require a response. To the extent any response is required,

KCATA incorporates all of its prior responses to Plaintiff's allegations by reference as if fully stated herein.

42. Plaintiff sustained a workplace injury on June 8, 2023.

**RESPONSE:** KCATA denies the allegations in paragraph 42 of Plaintiff's Petition.

43. Plaintiff exercised her rights under Missouri Workers' compensation Law relating to the workplace injury.

**RESPONSE:** KCATA admits that Plaintiff filed a workers compensation claim. KCATA denies all the remaining allegations in paragraph 43 of Plaintiff's Petition.

44. Defendant discriminated and retaliated against Plaintiff in violation of Mo. Rev. Stat. Section 287.780.

**RESPONSE:** KCATA denies the allegations in paragraph 44 of Plaintiff's Petition.

45. Plaintiff exercising her rights under Missouri's Workers' Compensation Law was a part or all of the reason for the discriminatory and retaliatory treatment and behavior by Defendant.

**RESPONSE:** KCATA denies the allegations in paragraph 45 of Plaintiff's Petition.

46. Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

**RESPONSE:** KCATA denies the allegations in paragraph 46 of Plaintiff's Petition.

47. As a direct and proximate result of Defendant's discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

**RESPONSE:** KCATA denies the allegations in paragraph 47 of Plaintiff's Petition.

WHEREFORE, having answered Count I of Plaintiff's Petition, KCATA asks the court to enter judgment in its favor and against Plaintiff, for its costs, and for any other relief the court deems just and proper.

## COUNT II – INTEFERENCE AND/OR RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

48. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

**RESPONSE:** Paragraph 48 of Plaintiff's Petition merely incorporates Plaintiff's prior allegations by reference and does not require a response. To the extent any response is required, KCATA incorporates all of its prior responses to Plaintiff's allegations by reference as if fully stated herein.

49. Plaintiff was an eligible employee under 29 U.S.C. § 2611 et seq. in that she was employed by Defendant for at least 12 months and worked at least 1,250 hours of service with Defendant during the previous 12 months period.

**RESPONSE:** KCATA denies the allegations in paragraph 49 of Plaintiff's Petition.

50. Defendant was an employer under the FMLA because it engaged in commerce or in an industry activity affecting commerce and it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

**RESPONSE:** KCATA admits that it is a covered "employer" that is subject to the FMLA.

11

51. Plaintiff provided Defendant with sufficient information to put Defendant on notice that she was suffering from a serious medical condition and may need FMLA leave.

**RESPONSE:** KCATA denies the allegations in paragraph 51 of Plaintiff's Petition.

52. Defendant interfered with Plaintiff's rights and benefits under the FMLA and/or retaliated against her by suspending her and terminating her after receiving sufficient notice of a serious medical condition and engaging in her right under the FMLA and sabotaging her leave process.

**RESPONSE:** KCATA denies the allegations in paragraph 52 of Plaintiff's Petition.

53. Defendant's interference was a willful violation of the FMLA.

**RESPONSE:** KCATA denies the allegations in paragraph 53 of Plaintiff's Petition.

54. As a direct and proximate result of Defendant's interference and/or retaliation, Plaintiff has and will continue to suffer from lost wages, salary, employment benefits, and other compensation denied or lost, and any actual monetary losses sustained, reasonable attorneys' fees, and costs necessary for litigation.

**RESPONSE:** KCATA denies the allegations in paragraph 54 of Plaintiff's Petition.

WHEREFORE, having answered Count II of Plaintiff's Petition, KCATA asks the court to enter judgment in its favor and against Plaintiff, for its costs, and for any other relief the court deems just and proper.

### COUNT III – DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

55. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraph.

**RESPONSE:** Paragraph 55 of Plaintiff's Petition merely incorporates Plaintiff's prior allegations by reference and does not require a response. To the extent any response is required, KCATA incorporates all of its prior responses to Plaintiff's allegations by reference as if fully stated herein.

56. At all times relevant, Plaintiff was an African American employee of Defendant and maintained a contractual relationship through at-will employment.

**RESPONSE:** KCATA admits that Plaintiff is African American and that it formerly employed Plaintiff. KCATA denies all the remaining allegations in paragraph 56 of Plaintiff's Petition.

57. At all times relevant, Defendant was an employer subject to 42 U.S.C. § 1981.

**RESPONSE:** KCATA admits that it is subject to 42 U.S.C. § 1981.

58. Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 1981 through its actions, policies, behavior, and treatment toward Plaintiff.

**RESPONSE:** KCATA denies the allegations in paragraph 58 of Plaintiff's Petition.

59. Plaintiff's race was the motivating factor in the discriminatory treatment by Defendant.

**RESPONSE:** KCATA denies the allegations in paragraph 59 of Plaintiff's Petition.

60. Defendant's actions against Plaintiff were taken with malice or with reckless indifference to Plaintiff's federally protected rights.

**RESPONSE:** KCATA denies the allegations in paragraph 60 of Plaintiff's Petition.

61. As a direct and proximate result of Defendant's discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

**RESPONSE:** KCATA denies the allegations in paragraph 61 of Plaintiff's Petition.

WHEREFORE, having answered Count III of Plaintiff's Petition, KCATA asks the court to enter judgment in its favor and against Plaintiff, for its costs, and for any other relief the court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

All of the claims in Plaintiff's Petition fail as a matter of law to the extent they are barred by applicable statutes of limitation.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages must be offset to the extent she has failed to take reasonable steps to mitigate her damages. This affirmative defense will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, including punitive damages, are limited by the applicable statutory damage caps set by the laws under which Plaintiff is asserting claims. *See e.g.,* 42 U.S.C. § 1981a and 29 U.S.C. § 2617(a)(a)(A)(iii).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred to the extent they seek damages in excess of those authorized under the Due Process clauses of the 5th and 14th Amendments to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Although KCATA denies any violation of FMLA, any act or omission which violated the FMLA was in good faith and KCATA has reasonable grounds for believing that its acts and omissions did not violate FMLA. At the time Plaintiff's employment was terminated, and even as of June 8, 2023 when she reported an alleged workplace injury, Plaintiff was not eligible for coverage by FMLA because she had not worked 1,250 hours for KCATA in the previous 12 months. Moreover, KCATA informed Plaintiff what she was required to do in order to return to work, after Plaintiff responded to KCATA's first letter advising that she had been absent from work without a valid excuse. Plaintiff failed to follow those instructions, and her employment was terminated only after she failed to respond to two subsequent letters advising her that she was absent without a valid excuse.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim for a violation of the FMLA or 42 U.S.C. § 1981.

**SPENCER FANE LLP**

/s/ Brian Peterson
| | |
|---|---|
| W. Joseph Hatley | MO # 33189 |
| Brian Peterson | MO # 66144 |

1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Phone: (816) 474-8100
jhatley@spencerfane.com
bpeterson@spencerfane.com
***Attorneys for KCATA***

## CERTIFICATE OF SERVICE

I certify that on August 2, 2024, the foregoing document was filed electronically with the court via the CM/ECF Electronic Filing System and was thereby served on all counsel of record.

/s/ Brian Peterson
***Attorney for Defendant KCATA***
